436 P.2d 166

Jack FOWLER, Appellant,

v.

K. H. DANA, aka Kenneth Hugh Dana, and Leah Dana, his wife, Isaac Dwight Dana and Carol Dana, his wife, C. Harold Dana, aka Charles Harold Dana, and Thelma Dana, his wife, Beryle Dana Bingham, aka Beryle Bingham, and Ruel Bingham, her husband, Lynn Dana Payne, aka Lynn Payne, and Thurber Payne, her husband, Nadene Dana Harper, aka Nadene Harper, and Edwin Harper, her husband, John Richard Roe, I, and Mary Roe, I, his wife, Appellees.

No. 1 CA–CIV 359.

Court of Appeals of Arizona.

Jan. 18, 1968.

Rehearing Denied Feb. 21, 1968.

Review Denied March 26, 1968.

Wade Church, Phoenix, for appellant.

Rhodes, Killian & Legg, by John G. Hough and C. Max Killian, Mesa, for appellees.

DONOFRIO, Judge.

This is an appeal from a summary judgment dated October 19, 1965 in favor of the appellees who will be designated as the Danas, defendants below, and against appellant Fowler, plaintiff below. We will at times designate the parties as they appeared below.

Fowler instituted the action to specifically perform an alleged Lease Purchase Agreement, or in the alternative, to recover damages for the breach thereof. Appellees, the Danas, filed an answer which, among other things, affirmatively alleged that certain conditions precedent to the agreement had not been performed. The main question is whether the court erred in granting summary judgment in that there remained unresolved genuine issues of material fact.

On the day the motion for summary judgment was granted, a motion by the Danas for a default judgment based on Fowler's failure to file answer to certain interrogatories within the time allowed was denied. Since the trial court's judgment shows that it considered the facts contained in the answers to the interrogatories, and counsel agree this court may also use them, they will be included in passing on the merits of this

appeal. Briefly, the facts are as follows: The Danas were the owners of property in Maricopa County, a part of which they desired to lease to Jack Fowler who intended to develop it as a trailer park. On or about January 25, 1964 the parties entered into a written agreement for a long-term 75 year lease with an option to purchase certain portions of this real property. The lease was modified to provide for commencement on May 1, 1964. Fowler paid defendants a valuable consideration for such extension. The extension reads:

"TO: DANA HEIRS

"You could have leased the portion described in the lease for farming purposes. Since we need time to secure mortgage money, I agree to pay you $600.00 for an extension of time up to May 1, 1964. In the event I cannot secure financing by this time you shall retain the $600.00 as liquidated damages and release me of all further liability. In the event I do obtain financing, the $600.00 shall apply to the first rents payable to you.

/s/ Jack Fowler

ACCEPTED BY DANA HEIRS

By /s/ K. H. Dana" .

On the same day of the lease from the Danas to Fowler, plaintiff executed a sublease for a like number of years to one Charles Schreiber. This sublease, however, failed to contain a guarantee by sublessee to pay the rents to the Danas as provided for in the master lease. Although the lease agreement provided that Fowler could sublease to Schreiber, it contained the provision of guarantee by Schreiber of the rental due under the master lease. It also provided that no sublease would release Fowler from personal liability or the obligations contained in the lease agreement.

In September of 1964 Fowler sent surveyors out to the land to survey it. The Danas denied them access to the property, they having by that time started to farm the land. On February 3, 1965 Fowler filed his complaint, alleging that he had duly performed all of the conditions of the lease. In their answer the Danas admitted that

they executed the lease and admitted the surveyors were denied access to the property in question and that the property was being farmed by a third party, but denied the rest of the allegations contained in the complaint. The Danas denied that Fowler had performed all the conditions precedent; specifically that he had not paid or tendered payment of rent as provided in the agreement; that he had not paid or tendered payment of taxes as per agreement; that he had not paid for liability insurance as provided by the agreement; that he had not sublet the premises to Schreiber in conformity with the agreement; and that he had not obtained a release of the premises from a mortgage lien of the Federal Land Bank as called for by the agreement.

Although many pleadings and several motions for default and summary judgment were filed, we need only set forth that the final summary judgment filed October 19, 1965 gives the Danas judgment against Fowler and quiets title to the land in question in the Danas and allows them costs. It is from this judgment that the appeal is taken.

The facts show that Fowler admitted that he had not paid the real property taxes levied against the property; that he had not paid Salt River Project assessments levied against the property, nor had he tendered payment of such sums expended by others on these items; that he had not paid public liability insurance; that he had not paid or tendered payment of the amount of money required to pay the Federal Land Bank mortgage lien on the premises, all as called for by the lease agreement.

Each of the hereinbefore mentioned items were required by the terms of the agreement to be paid by plaintiff as tenant. We need to set forth verbatim only the provision regarding payment of the mortgage lien. This paragraph provides:

"11. *PARTIAL RELEASE OF EXIST- ING MORTGAGE:* The parties fully understand and agree that the premises, the subject of the unrecorded plat marked Exhibit 'A', are subject to a mortgage in favor of the Federal Land Bank in the amount of approximately $42,000.00. The Tenant hereby agrees to pay such amounts as the said Federal Land Bank shall require in order to release the leased premises from the lien of said mortgage. It is understood and agreed that payment of such sums and the release of such leased premises from said mortgage is a condition precedent to the validity of this lease agreement."

There is no issue as to the provisions of the lease and the fact that Fowler did not make the payments provided therein.

The trial court based its judgment on the specific findings, among others, that the sublease to Charles Schreiber was not as agreed upon in the contract; that plaintiff had not obtained the required mortgage release; and that Fowler had not paid rent as agreed; and that these were conditions precedent to the validity of the lease, which conditions have not been met.

In opposition to the validity of the lower court's findings, appellant Fowler urges that when the surveyors were denied access to the property this in fact prevented his performance of the conditions of the lease agreement; that the engineer's survey was necessary to gain the financing to satisfy the mortgage and other necessary expenditures. If one party to a contract prevents the other party from performing one of the conditions to the contract, then he cannot use the failure to perform to deny his own obligation under the agreement. Tyson v. Tyson, 61 Ariz. 329, 149 P.2d 674 (1944). Restatement of Law, Contracts § 295.

Fowler's contention is based on the proposition that by terms of the lease agreement he was not in violation of any condition precedent or breach of contract. Therefore, when the Danas prevented him from obtaining information necessary to his performance, that his nonperformance of the agreement cannot be held against him. With this we cannot agree. The contract was due to commence May 1, 1964. It was not until some time in September 1964 that appellees

denied the surveyors permission to go upon the land. At that time we cannot find that the Danas were under any obligation whatsoever to perform the contract or keep the land available to him. Both the payment of the mortgage and the sublease to Schreiber under certain terms were specifically designated as conditions precedent. Fowler does not deny that these were to be conditions precedent to any obligation on the part of the Danas. The trial court found that neither of these conditions were complied with or fulfilled. The facts upon which the court based its judgment are admitted and are not in dispute.

Our Supreme Court defined a condition as a fact which must exist before a duty of immediate performance arises. Yeazell v. Copins, 98 Ariz. 109, 402 P.2d 541 (1965). Parties are at liberty to make their own contracts and to agree to any condition precedent they desire. Here the intentions of the parties are evident from the instrument.

We believe Fowler's failure to perform these conditions precedent is sufficient to determine this appeal, however it is to be noted that the conditions of payment of rent, taxes, assessments and insurance are also conditions which, if violated, could be treated as a breach of contract to relieve the Danas from further performance.

There is no contention that the Danas agreed to wait until the engineers' reports were finished before demanding performance of clear and unambiguous conditions of the contract. If Fowler was depending on financing the lease after executing it he should have made provisions therefor. He cannot now urge that the court change the agreement of the parties to allow him to do things he should have made provision for in the first place. Fowler would have us take judicial notice that it is the custom in the trade to make a contract and thereafter make the financing arrangements. No evidence of such a custom appears of record, nor are we able to take judicial notice of any such custom. We find no error in granting summary judgment.

Judgment affirmed.

CAMERON, C. J., and WILLIAM H. GOODING, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WILLIAM H. GOODING was called to sit in his stead and participate in the determination of this decision.